1  PAUL RICHMOND (WSBA #32306)
2  4616 25th Avenue NE, #449
3  Seattle, WA, 98105
4  (206) 526-0565
5
6  LAWRENCE A. HILDES (WSBA # 35035)
7  P.O. Box 5405
8  Bellingham, WA 98227
9  Telephone: (360) 715-9788
10 Fax: (360) 714-1791
11
12 ATTORNEYS FOR PLAINTIFF

13
14
15
16

17            IN THE UNITED STATES DISTRICT COURT
18       FOR THE WESTERN DISTRICT OF WASHINGTON
19
20                      CV05·1329

21  RAYMOND NIX,                        ) NO.
22                                      ) COMPLAINT FOR VIOLATIONS OF
23        Plaintiff,                    ) CIVIL RIGHTS, FALSE ARREST, FALSE
24                                      ) IMPRISONMENT, BATTERY, ASSAULT,
25  v.                                  ) INTENTIONAL INFLICTION OF
26                                      ) EMOTIONAL DISTRESS, NEGLIGENCE
27                                      )        JURY TRIAL DEMANDED
28  SERGEANT JOE BAUER, individually )
29  and in his capacity as a OFFICER of  )
30  the  SEATTLE POLICE DEPARTMENT,)
31  and JANE DOE BAUER, and the marital )
32  community thereof;  OFFICER ZSOLT )
33  DORNAY, individually and in his     )
34  Official capacity as a OFFICER of the )
35  SEATTLE POLICE DEPARTMENT,          )
36  and JANE DOE DORNAY, and the        )
37  Marital community thereof;          )
38  OFFICER GARRETT,                    )
39  individually and in his capacity as a )
40  OFFICER of the SEATTLE              )
41  POLICE DEPARTMENT, and JANE DOE)
42  GARRETT and the marital            )
43  community thereof, W.L. WOOLLUM    )
44  individually and in her capacity as a )
45  OFFICER of the SEATTLE POLICE      )

05-CV-01329-CMP

1  **DEPARTMENT, and JOHN DOE**          )
2  **WOOLLUM and the Marital community)**
3  **thereof;          CITY OF SEATTLE,)**
4  **KING COUNTY, DOES 1-100,**          )
5                                        )
6                    **Defendants.**     )
7  ─────────────────────────────────     )
8
9  RAYMOND NIX the Plaintiff herein, by and through his attorneys, alleges as follows:

10                          **I. JURISDICTION**
11
12
13          1.  This court has jurisdiction over the subject matter of this action pursuant to

14  Title 28, United States Code Sections 1331, 1332, 1343, and 1367, and venue is

15  properly set in the Western District Federal Court pursuant to 28 U.S.C. 1391.

16          1.2 The claims upon which this suit is based occurred in this judicial district.

17          1.3 The acts and omissions herein occurred in King County Washington.

18  Plaintiff is informed and believes, and on that basis alleges, that each of the named

19  Defendants reside in this judicial district.

20          1.4. The matter in controversy exceeds the sum of $75,000 exclusive of

21  interests and costs.

22

23                          **II. PARTIES**

24          2.1    Plaintiff RAYMOND NIX is a single man residing primarily in the State of

25  Washington, in King County within the Western District of Washington, who was the

26  victim of an unjustified stop and an unprovoked savage beating, and false arrest and

27  imprisonment.

NIX V. BAUER-COMPLAINT - 2

1      2.2     SERGEANT JOE BAUER and Jane Doe BAUER constitute a marital

2   community under the laws of the State of Washington and upon belief reside within

3   King County within the Western District of Washington State.  Upon belief, JOE

4   BAUER was at the time of the injuries complained of in this complaint, an employee

5   and/or agent of the SEATTLE POLICE DEPARTMENT, acting within the scope of his

6   duties.

7      2.3     OFFICER DORNAY and JANE DOE DORNAY constitute a marital

8   community under the laws of the State of Washington and upon belief reside within

9   King County within the Western District of Washington State.  Upon belief, OFFICER

10   DORNAY was at the time of the injuries complained of in this complaint, an employee

11   and/or agent of the SEATTLE POLICE DEPARTMENT, acting within the scope of his

12   duties.

13      2.4     OFFICER GARRETT and JANE DOE GARRETT constitute a marital

14   community under the laws of the State of Washington and upon belief reside within

15   King County within the Western District of Washington State.  Upon belief, OFFICER

16   GARRETT was at the time of the injuries complained of in this complaint, an employee

17   and/or agent of the SEATTLE POLICE DEPARTMENT acting within the scope of his

18   duties.

19      2.5     OFFICER W.L. WOOLLUM and JOHN DOE WOOLLUM constitute a

20   marital community under the laws of the State of Washington and upon belief reside

21   within King County within the Western District of Washington State.  Upon belief,

22   OFFICER WOOLLUM was at the time of the injuries complained of in this complaint,

NIX V. BAUER-COMPLAINT - 3

1   an employee and/or agent of the SEATTLE POLICE DEPARTMENT, acting within the

2   scope of her duties.

3       2.6   DEFENDANT CITY OF SEATTLE is a government entity in KING

4   COUNTY governed and functioning under the laws of the State of Washington.  It

5   employs the PARAMEDICS of the SEATTLE FIRE DEPARTMENT, and the named

6   Officers as well as the Officers of the SEATTLE POLICE DEPARTMENT whose

7   identities are unknown, who responded to the scene and refused to intervene on

8   Plaintiff's behalf when law required them to do so.

9       2.7   DEFENDANT COUNTY OF KING is a government entity in King County

10   and administers the KING COUNTY CORRECTIONAL FACILITY which housed

11   plaintiff, and whose officers whose names are unknown subjected Plaintiff to cruel and

12   or negligent treatment, expounding the injuries he suffered and HARBORVIEW

13   MEDICAL FACILITY which was negligent in its treatment of Plaintiff.

14       2.8   There are other persons, identities presently unknown to Plaintiff who

15   are, and were at all times mentioned herein, supervisors, incident commanders, and

16   decision-makers OF THE SEATTLE POLICE DEPARTMENT, and the SEATTLE

17   POLICE DEPARTMENT, and THE PARAMEDICS OF THE CITY OF SEATTLE FIRE

18   DEPARTMENT, and KING COUNTY CORRECTIONS, and HARBORVIEW MEDICAL

19   FACILITY, who acted in concert with the above named Defendants and who devised

20   or approved the police actions responding to the Plaintiff and taken in the incident in

21   question thereto that is the subject of this action and in doing the things hereinafter

22   alleged, acted under color of state law as agents of the SEATTLE POLICE

NIX V. BAUER-COMPLAINT - 4

1   DEPARTMENT  or KING COUNTY DEPARTMENT OF CORRECTIONS and with its
2   full consent and approval.

3        2.8. DOES 1-100 are, and were at all times mentioned herein, OFFICERS,
4   Supervisors, and the Incident Commander For This Incident , Actors, Or Officials
5   Involved In The Planning, Creation, Development Or Exercise Of Police Force and
6   Control employed against Plaintiff  in the incident  which is the subject of this action,
7   and in committing the acts and omissions herein alleged hereinafter alleged, acted
8   under color of state law as agents of the SEATTLE POLICE DEPARTMENT or the
9   KING COUNTY CORRECTIONAL FACILITY, and with the full consent and approval
10  and, or POLICE OFFICERS and PARAMEDICS employed by the CITY OF SEATTLE,
11  who came to the scene, and violated Plaintiff's rights as discussed, or
12  CORRECTIONAL OFFICERS, or MEDICAL PERSONNEL, who participated in
13  depriving Plaintiff of medical treatment, and or subjected Plaintiff to tortuous conditions
14  during his incarceration.

15        2.9      This action is brought pursuant to the First, Fourth, Fifth, Eighth, and
16  Fourteenth Amendments to the United States Constitution, Article 1, Section 5 and
17  Article 1, Section 7 of the Washington State Constitution, 42 U.S.C. 1983, 1988,
18  Revised Code of Washington Title 9, Chapter 62, Section 10(1), Washington State
19  common law prohibiting assault, battery, intentional infliction of emotional distress,
20  false arrest and false imprisonment, and Washington common law negligence.

21        2.10    On January 19, 2005, the City of Seattle Office of Risk Management was
22  served with a Notice of Claim.  The City rejected the claim, on behalf of respondent
23  and it has been more than sixty days since the claim was filed.

NIX V. BAUER-COMPLAINT - 5

1

2                                  III. FACTS

3          3.1      Plaintiff Raymond Nix (hereinafter "Nix" or "Plaintiff") is an Elder of the

4   Haida tribe.  He is in his late 60's.   He has worked as a dockworker and has

5   resided in Seattle for several decades.   He currently resides with the mother of his

6   now adult children.  He has been on SSI since about 1995.

7          3.2 On the evening of July 30th, 2003, Plaintiff Nix cashed his SSI check and went

8   to Kelly's Bar.

9          3.3 Kelly's Bar was located on the South East Corner of 3rd and Bell.

10         3.4 On the South East Corner of 3rd and Bell, was a park.  The park was

11  frequented by many lower income, homeless and near homeless people.

12         3.5 Plaintiff was peaceful non-disruptive the entire time he was at Kelly's Bar.  He

13  played pool and socialized.

14         3.6 Plaintiff Nix left the bar as it was closing.

15         3.7 Plaintiff Nix prepared to hail a cab to return home.  He had some money out.

16         3.8 A woman named Erma McNair was outside the bar.  She was talking to another

17  woman.

18         3.9 Plaintiff Nix had never met Ms. McNair before this night.

19         3.10 Around this time, Defendant Bauer had been riding in an unmarked Ford

20  Explorer, or similar vehicle with Defendants Dornay, Garrett and Woollum.

21         3.11 Defendants Bauer, Dornay, Garrett and Woollum were members of the

22  Seattle Police Department, West Precinct Anti-Crime Team, or ACT.


NIX V. BAUER-COMPLAINT - 6

1      3.12 Defendants Bauer, Dornay, Garrett and Woollum wore "non traditional

2    uniforms." These "uniforms" were predominantly black in color and had fewer

3    indicators that they were police uniforms. The bulk of these "uniforms" consisted of a

4    black tee shirt with the word "police" in small, 1.5 inch letters. The remainder of these

5    "uniforms" consisted of jeans.

6      3.13 The ACT team has been subject of numerous complaints and a suit in

7    Superior Court for Selective Enforcement, in particular for its "buy bust" and "see-pop"

8    programs.

9      3.14 "See-pop" is a practice of officers in the Seattle Department of patrolling

10   through "targeted" areas and arresting individuals who fit profiles.

11     3.15 The Defendants Bauer, Dornay, Garrett and Woollum were, by Bauer's

12   admission, looking to make one more arrest before grabbing a bite to eat.

13     3.16 Defendants Bauer, Dornay, Garrett and Woollum drove down Bell in a

14   Westward direction, stopping by Kelly's Bar on 3rd and Bell.

15     3.17 This area of Belltown, despite being heavily gentrified, despite being the home

16   of many upscale businesses, despite being the home of the Washington State Bar

17   Association offices and despite being the home of Paul Allen's rebuilt Cinerama

18   Theater, was profiled by police as a "heavy drug traffic" area.

19     3.18 This area of Belltown was part of a "Drug Free Zone."

20     3.19 Data has shown that "Drug Free Zones," often serve as tools of gentrification,

21   and often serve as pretexts for excluding persons of lower income, or in some cases of

22   certain races from an area.

1    3.20 Plaintiff Nix, an elderly Native of limited economic means, emerging from a

2    bar, fit the profile of an undesirable in a gentrifying neighborhood.

3    3.21 Plaintiff Nix had barely stepped outside Kelly's when he was grabbed by

4    Defendant Bauer.

5    3.23 There was substantial noise at this time, including noise from the bar, noise

6    on the street, and noise from the park across the street on the Southwest corner of 3rd

7    and Bell.

8    3.24 If Defendant Bauer, clad in his tee shirt and jeans, gave any verbal indication

9    to Defendant Nix that he was a police officer, Plaintiff Nix did not hear it.

10   3.25 Defendant Bauer's "uniform" of a black tee shirt and jeans gave no clue to

11   Plaintiff Nix that he was a police officer.

12   3.26 Plaintiff Nix being grabbed late at night as he was exiting a bar, had no idea

13   that Defendant Bauer, the person clad in tee shirt and jeans and now grabbing him,

14   was a police officer.

15   3.27 Police reports contend Plaintiff Nix struck Defendant Bauer once at this

16   moment, and as a direct reaction to Plaintiff's being grabbed by an unknown assailant.

17   3.28 What followed was a savage beating that went on for several long minutes as

18   Defendants exacted violent retribution, on Plaintiff, a stunned, disoriented senior

19   citizen.

20   3.29 Defendants, including Bauer and Dornay, struck, kicked, pepper-sprayed and

21   tazed Plaintiff Nix.

22   3.30 Defendants including Woollum and Garrett either participated, or did nothing

23   to intercede in this beating.

NIX V. BAUER-COMPLAINT - 8

1    3.31 Other Officer Does may have participated or failed to intercede in this beating.

2    3.32 Throughout this beating Plaintiff Nix stated that he gave up.  This had no

3    effect.

4    3.33 Throughout the beating plaintiff Nix pleaded with the Defendants to stop.  This

5    had no effect.

6    3.34 The Defendants attacked Plaintiff Nix.  They beat him, and fired at him with a

7    taser.

8    3.35 When Plaintiff Nix fell down into the street, the Defendants were still beating

9    him and tasing him.

10    3.36 Defendants tased Plaintiff Nix several times, even after he was down and no

11    longer resisting.

12    3.37 Defendants continued to beat Plaintiff Nix, even when he was no longer

13    conscious.

14    3.38 Witnesses could hear the Defendants' blows from across the street.  There

15    was the sound of flesh on cement.

16    3.39 Defendants kicked Plaintiff in his ribs.

17    3.40 Defendants struck Plaintiff in the head.  They kept beating him.  This went on

18    for five or six minutes.

19    3.41 Persons in the park across the street were afraid Defendants were beating

20    Plaintiff Nix to death.

21    3.42 Persons in the park yelled for Defendants to stop.

22    3.43 Persons in the park were screaming and yelling " police brutality, please stop."

23    They could feel every blow. He was down.  What could he do?

NIX V. BAUER-COMPLAINT - 9

1    3.44 At least one of the Defendants, including Defendant Bauer ran across to the

2    park.

3    3.45 Defendant Bauer held up either a baton or similar object.

4    3.46 Defendant Bauer threatened the witnesses with words to the effect of "do you

5    want some of this?"

6    3.47 Defendant Bauer directly threatened the witnesses.

7    3.48 Defendant Bauer chased the witnesses off.

8    3.49 None of the other Defendant Officers intervened in this.

9    3.50 None of these Defendants made any attempt to record the names or contact

10   information for any of these witnesses.

11   3.51 Plaintiff Nix sustained life altering and life threatening injuries as a direct result

12   of this unnecessary and gratuitous beating, as delineated below.

13   3.52 This profiling of Plaintiff as being involved in a drug transaction, and the brutal,

14   sadistic and wholly unjustified physical attack on him by Defendant Officers, as well as

15   the other mistreatment and denial of treatment inflicted on him was based on unlawful

16   racial animus.

17   **Lack of Care**

18   3.53 In what followed, Plaintiff Nix was denied adequate medical treatment for

19   several days. He drifted in and out of consciousness. His condition was allowed to,

20   even encouraged to worsen, resulting in near fatality, and emergency surgery.

21   3.54 Sometime after midnight a John Doe Medic from Seattle Fire Department

22   arrived. It is unclear how long he remained in the care of this Doe.

1    3.55 This Medic released Nix back into the care of the same officers who had

2    injured him.

3    3.56 Plaintiff was denied immediate medical attention.  Instead he was taken to jail

4    and exhibited.

5    3.57 Plaintiff recalls being paraded in front of other inmates.  An officer, perhaps

6    Defendants Garrett, Dornay or a Doe saying "this is what happens when you mess

7    with the Sergeant in charge of narcotics."

8    3.58 Plaintiff Nix was denied entry to the jail because of his injuries.

9    3.59 On July 31, 2003, at or about 3:43 AM Plaintiff Nix was admitted at

10   Harborview Medical center and examined.  This was nearly four hours after he'd been

11   taken into custody.

12   3.60 This examination failed to address issues including blood in his urine.  These

13   remained unaddressed till his collapse on August 4th and subsequent surgery on

14   August 4th and 5th.

15   3.61 On July 31, 2003, Plaintiff Nix was examined by nurse Carolyn Michels, RN

16   2336, at Corrections approximately 8:28- 9:45 AM.

17   3.62 Plaintiff Nix received no medical care.  He drifted in and out of consciousness,

18   till August 4th, 2005.  He was preparing to take a shower.  Another prisoner remarked

19   to Plaintiff, that he didn't look well.   He told Plaintiff how pale he looked.   Then

20   Plaintiff collapsed onto the floor at approximately15:51

21   3.63 Between his admission on July 31, 2003 and his collapse on August 4, 2003,

22   Plaintiff Nix received little if any care or attention for his injuries.  Further he was often

NIX V. BAUER-COMPLAINT - 11

1     kept in a cold cell or deprived of a place to sleep, exacerbating the effect of his

2     potentially fatal injuries.

3         3.64 The pain and effects of the untreated injuries from the beating continued to

4     worsen.  On August 4, 2003, at approx 15:51 Plaintiff, collapsed in shower.

5         3.65 Plaintiff Nix was transported to Harborview Medical Center.

6         3.66 According to Medical records including a hospital log sheet, Plaintiff Nix flat-

7     lined prior to surgery.

8         3.67 Plaintiff Nix's friend, Maryann Scott was notified by phone of Plaintiff's

9     condition, including that he might not survive the night.  She was directed to visit the

10    hospital so that she might see him before he died.

11        3.68 On August 4, 2003 at 23:16 Surgery was started.

12
13        3.69 Medical records show Plaintiff's injuries following his arrest.  These include:
14
15    1.  high grade splenic lacerations
16    2.  serosal (gut lining) laceration,
17    3.  perisplenic hematoma (major bruising around his spleen)
18    4.  hemoperitoneum (internal bleeding) which required a blood transfusion and
19         caused subsequent
20    5.  Peritonitis (life threatening abdominal infection usually requiring surgery).
21    6.  rib fractures
22    7.  transverse spinous process fractures in his lumbar spine,
23    8.  a bruise on his lung.
24    9.  His CT scan of his head on 7/31 showed a head bruise,
25
26        3.70 The above required major abdominal surgery, including:
27
28    1.  splenectomy, or removal of his spleen
29    2.  partial removal of his small bowel, and
30    3.  surgical repair of his internal tissues
31
32        3.71 Plaintiffs heart also went into atrial fibrillation
33

NIX V. BAUER-COMPLAINT - 12

1    3.72 If he had not received medical attention after collapsing in jail, Plaintiff would

2    have died.

3

4    3.73 Plaintiff's surgery continued for the next two hours.

5    3.74 At 02:40 Contact with Marianne Scott was authorized by Captain Charles, and

6    she was allowed to visit.

7    3.75 Nix recovered somewhat on August 5, 2005.

8    3.76 With his recovery from what appeared to be certain death, Ms. Scott's

9    visitation privileges were revoked.

10   3.77 Plaintiff's location was changed and Ms. Scott was not informed of the new

11   location.

12   3.78 For the next six days, Plaintiff was denied all visitors and his location kept

13   from his friends.

14   3.78a As a direct result of the beating he endured, and subsequent surgery,

15   removing much of his digestive system, whatever food or drink Plaintiff was able to

16   consume passed right through him.  Despite sometimes hourly cleanings by

17   hospital staff, Plaintiff had no choice but to lie in his own bodily wastes.  This

18   continued for days.

19   3.79 For several days, Does at the Department of Corrections refused to allow

20   Plaintiff to be visited by an attorney his friends had retained.

21   3.79 On August 11, after much resistance, Nix was finally allowed a visit by his

22   Attorney.


NIX V. BAUER-COMPLAINT - 13

1    3.80 A guard remained in close proximity during this visit deliberately interfering

2    with Plaintiff's right to Attorney Client Privilege

3    3.81 On August 13, 2005 Plaintiff Nix was returned to the department of corrections

4    King County Jail Facility.

5    3.82 Once in the jail, Plaintiff Nix was repeatedly housed in places without bed or

6    heat.

7    3.83 This continued until his release on August 18, 2003

8    3.84 Through the next 13 months, Plaintiff Nix was forced to endure 13 months of

9    Prosecution before charges were dropped with prejudice.

10    3.85 Property taken from Plaintiff during his beating and arrest including a hat and

11    the funds from his social security check were never returned.  Other property

12    including the clothes he wore that night were so badly torn and bloodied he could

13    no longer use them.

14    3.86 Plaintiff's friend Marianne Scott had filed a complaint with the Office of

15    Professional Accountability (OPA) shortly after Defendants beating of Plaintiff.

16    3.87 OPA initially made no effort to locate or interview any witnesses from the

17    scene, or even the complainant.

18    3.88 OPA also ignored the fact that Defendant Bauer's reports were initially "lost"

19    and said that was okay because they could be "re-created."

20    3.89 OPA then "administratively exonerated" the officers.

21    3.90 Under public pressure, OPA reopened the complaint.

22    3.91 When OPA reopened the complaint, it was too late to actually discipline the

23    officers.

NIX V. BAUER-COMPLAINT - 14

1    3.92 That OPA investigation, which has continued more than 13 months, has been

2    marked by similar irregularities.

3    3.93 The irregularities in this OPA investigation included repeated requests for

4    medical records already supplied to OPA investigators over a year ago and on

5    multiple occassions.

6    3.94 The irregularities in this OPA investigation also include a biased interview of

7    the Plaintiff where the "investigator" sought to exclude any accounts of the event by

8    Plaintiff or other witnesses.

9    3.95 Plaintiff Nix continues to have medical difficulties to this day and impacts from

10   this incident.  These include but are not limited to injuries that go to the most basic

11   aspects of life and go to his ability to eat, sleep or walk.

12   3.96 Plaintiff has constant stomach and internal pain, especially when he eats.

13   3.97 Plaintiff has difficulty urinating.

14   3.98 Plaintiff has had to make substantial change in the way that he travels as a

15   proximate cause of this beating, and subsequent mistreatment.  Walking had been

16   his main and preferred method of travel.  He had been in the habit of walking

17   everywhere, now he is able to walk only short distances.  This has caused him

18   inconvenience, loss of enjoyment, and loss of life quality.

19   3.99 Plaintiff continues to be traumatized by the beating

20   3.100 Plaintiff has difficult sleeping as a direct result of the beating.

21   3.101 Plaintiff suffers frequent nightmares of the beating.

22   3.102. Plaintiff finds himself waking up at night, sweating because of these

23   nightmares.

NIX V. BAUER-COMPLAINT - 15

1      3.103 Plaintiff has difficulty sleeping because of constant pain from the injuries he

2      suffered as a direct result of the beating and the neglect and abuse that followed.

3      3.104 Plaintiff's inability to sleep with any regularity since this beating adds to his

4      already deteriorating health.

5
6
7

8                     **IV. STATEMENT OF DAMAGES**

9

10      **4.1**     As a direct and proximate result of the intentional and/or negligent acts of

11      Defendants, Plaintiff sustained severe physical and mental pain and suffering and

12      injury in an amount that will be established at trial.

13      **4.2**     As a further direct and proximate result of the intentional and/or negligent

14      acts of Defendants, Plaintiff has been required to seek medical treatment and care,

15      and will be required to seek future medical treatment and care, the exact amount of

16      the expense for medical treatment and care will be established at the time of trial.

17      **4.3**     As a further direct and proximate result of the intentional and negligent

18      acts of the Defendants, Plaintiff spent two weeks in jail, disrupting his life and causing

19      significant damages as will be proved in trial.

20      **4.4**     Plaintiff is entitled to compensation for the Constitutional harms

21      Defendants inflicted on them including loss of liberty, and arbitrary and extreme

22      exercise of force against him.

.

1       4.5  As a result of Defendants' intentional and/or negligent conduct, Plaintiff was

2    forced to defend himself against an improper criminal action and to retain counsel to

3    vindicate him in that case, for which he is entitled to be reimbursed.

4

5                     **V. CAUSE OF ACTIONS**:

6

7                             **COUNT ONE**
8                  **VIOLATION OF CIVIL RIGHTS**
9            **(TITLE 42 U.S.C. SECTION 1983)**
10         **(As To All Individual Defendants)**
11
12       5.1.  Plaintiff realleges and incorporates herein by reference the allegations set

13    forth in Paragraphs 1 through 4.5 of this complaint.

14       5.2.  In committing the acts complained of herein, Defendants acted under

15    color of state law to deprive Plaintiff as alleged herein, of certain constitutionally

16    protected rights including, but not limited to:

17         (a)  The right not to be deprived of liberty without due process of law;

18         (b) The right to be free from invasion or interference with Plaintiff' zone of

19    privacy;

20         (c) The right to freedom of speech

21         (c)  The right to equal protection of the law;

22         (d)  The right to be free from police use of excessive force;

23         (e)  The right to be free from discriminatory law enforcement;

24         (i) The right to be free from unreasonable search and seizure

25

NIX V. BAUER-COMPLAINT - 17

1    5.3  In violating Plaintiff's rights as delineated above, and other rights according

2    to proof, Defendants acted by direct arrest and/or use of force, or by ratifying

3    personally that arrest and uses of force, Defendants acted to violate Plaintiff's rights

4    under the First, Fourth, Fifth, Eighth, and 14th Amendments to the U.S. Constitution.

5    5.4   By acting to retaliate against Plaintiff for his exercise of his First

6    Amendment Right to object to the unjustified stop of Plaintiff, Defendants further

7    violated those rights.

8    5.5 By attacking, profiling and discriminating against Plaintiff because of his

9    race, Defendants intentionally inflicted great harm on Plaintiff.

10    5.6  As a direct and proximate result of the violation of his Constitutional rights

11    by Defendants, and each of them, Plaintiff suffered general and special damages as

12    alleged in this complaint.

13    5.7   The conduct of Defendants was willful, malicious, oppressive, and/or

14    reckless, and was of such a nature that punitive damages should be imposed in an

15    amount commensurate with the wrongful acts alleged herein.

16    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

17

18                         **COUNT TWO**
19                      **Violation of Civil Rights**
20                  **(Title 42 U.S.C. Section 1983)**
21                     **(As To Defendants DOES)**
22
23    5.8  Plaintiff realleges and incorporates herein by reference the allegations set

24    forth in Paragraphs 1 through 5.7 of this complaint.

1      5.9  At all times herein mentioned, Defendants Does acted in their official

2  capacities as supervisors of Defendants Bauer, Dornay, Garrett and Woollum, failed to

3  properly supervise, train, and discipline Defendants Bauer, Dornay, Garrett and

4  Woollum, and acted specifically to ratify these Defendants' drastically inappropriate

5  conduct and intentional acts to deprive Plaintiff of his rights secured by the

6  Constitution of the United States, including, but not limited to their rights under the

7  First, Fourth, Fifth, Eighth, and 14th Amendments to the U.S. Constitution.

8      5.10 In committing the acts complained of herein and in their official and

9  individual capacities, Defendants acted with a design and intention to deprive Plaintiff

10  of his rights secured by the Constitution of the United States and acted with deliberate

11  indifference to Plaintiff's rights.

12      5.11 As a direct and proximate result of the acts complained of herein, Plaintiff

13  has suffered general and special damages as set forth in this complaint.

14      5.12  The conduct of Defendants was willful, malicious, oppressive, and/or

15  reckless, and was of such a nature that punitive damages should be imposed in an

16  amount commensurate with the wrongful acts alleged herein.

17          WHEREFORE, Plaintiff prays for relief as hereinafter set forth
18
19
20
21
22                    **COUNT THREE**
23                    **RACIAL ANIMUS**
24                    **(As to All Defendants)**

25      5.13 Plaintiff realleges and incorporates herein by reference the allegations set

26  forth in Paragraphs 1 through 5.12 of this complaint.


NIX V. BAUER-COMPLAINT - 19

1    5.14 Defendants acted intentionally to inflict harm on Plaintiff because of

2  Plaintiff's race, with the intent of depriving him of civil rights based on Defendant's

3  racial animus, and committed the civil equivalent of a hate crime.

4    5.15 As a direct and proximate result of the acts complained of herein, Plaintiff

5  has suffered general and special damages as set forth in this complaint.

6    5.16 the conduct of Defendants was willful, malicious, oppressive, and/or

7  reckless, and was of such a nature that punitive damages should be imposed in an

8  amount commensurate with the wrongful acts alleged herein.

9    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

10

11

12                         **COUNT FOUR**
13                         **FALSE ARREST**
14                       **(As to All Defendants)**
15
16    5.17   Plaintiff realleges and incorporates herein by reference the allegations

17  set forth in Paragraphs 1 through 5.16 of this complaint.

18    5.18   Defendants' seizure and arrests of Plaintiff without probable cause or a

19  warrant violated Plaintiff's rights under Article 1 of the Washington State Constitution,

20  Section 7. 4.4, and further resulted in the malicious prosecution which followed, and

21  the harm caused thereby.

22    5.19   The conduct of Defendants was willful, malicious, oppressive and/or

23  reckless, and was of such a nature that punitive damages should be imposed in an

24  amount commensurate with the wrongful acts herein alleged.

NIX V. BAUER-COMPLAINT - 20

1    5.20. As a direct and proximate result of the acts complained of herein, Plaintiff

2    ha suffered general and special damages as set forth in this complaint.

3    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

4

5                                    **COUNT FIVE**
6                               **FALSE IMPRISONMENT**
7                               **(As to all  Defendants)**

8    5.21.  Plaintiff realleges and incorporates herein by reference the allegations

9    set forth in Paragraphs 1 through 5.20 of this complaint.

10    5.22   As a result of the false arrests detailed above, Plaintiff was violently

11    arrested and held for two weeks, and deprived of Medical Attention.

12    5.23    Plaintiff was unjustly deprived of liberty for that period and subjected to

13    abuses therein.

14    5.24  As a further direct and proximate result of the false arrest and

15    imprisonment of Plaintiff, he suffered damages and injuries as heretofore alleged in

16    this complaint.

17    5.25   The conduct of Defendants was willful, malicious, oppressive and/or

18    reckless, and was of such a nature that punitive damages should be imposed in an

19    amount commensurate with the wrongful acts herein alleged.

20    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

21

22                                    **COUNT SIX**
23                            **ASSAULT AND BATTERY**
24                               **(As to All Defendants)**
25

NIX V. BAUER-COMPLAINT - 21

1        5.26   Plaintiff realleges and incorporates herein by reference the allegations

2   set forth in Paragraphs 1 through 5.25 of this complaint.

3        5.27   Defendants' beating of Plaintiff Nix including tazing, pepper spraying,

4   kicking, and striking  were done intentionally, without consent or lawful authority, or

5   legitimate police purpose, and therefore constituted common law battery.

6

7        5.28   All of the above alleged tortious conduct caused Plaintiff to experience

8   severe physical harm and reasonably fear additional imminent harm to his health and

9   safety, additional tortious use of force, and in fact, to very reasonably fear for his life.

10   This fear constitutes a common law assault.

11        5.29  Defendants knew or reasonably should have known that they were and

12   would inflict this reasonable fear by Plaintiff.

13        5.30   As a direct and proximate result of the violation of his rights by

14   Defendants, and of Defendants' tortious conduct towards Plaintiff, Plaintiff suffered

15   general and special damages as alleged in this complaint.

16        5.31   The detention, arrest and the resulting abuse of Plaintiff was directly and

17   proximately caused by Defendants   training, supervision and failure to discipline and

18   the conduct to which Plaintiff was subjected.

19        5.32   The conduct of Defendants was willful, malicious, oppressive, and/or

20   reckless, and was of such a nature that punitive damages should be imposed in an

21   amount commensurate with the wrongful acts alleged herein.

22        WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

23                        **OMITTED**

1      Counts 5.33-5.40 are omitted.

2

3                              **COUNT SEVEN**
4      **OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
5                          **(As to All Defendants)**
6

7           5.41  Plaintiff realleges and incorporates herein by reference the allegations set

8      forth in Paragraphs 1 through 5.40 of this complaint.

9           5.42  In carrying out the beating, detention, arrest, further abuse, and other acts

10     alleged throughout this complaint, Defendants, and each of them sought to cause

11     emotional distress and trauma to Plaintiff, and Plaintiff did  suffer such emotional

12     distress with accompanying physical symptoms.

13          5.43  As a direct and proximate result of the violation of his constitutional rights

14     by Defendants and their other tortious conduct against them, Plaintiff suffered general

15     and special damages as alleged in this complaint.

16          5.44    The conduct of Defendants was willful, malicious, oppressive, extreme

17     and outrageous and/or reckless, and was of such a nature that punitive damages

18     should be imposed in an amount commensurate with the wrongful acts alleged herein.

19          WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

20

21                              **COUNT EIGHT**
22                          **Malicious Prosecution**
23                          **(As to all Defendants )**
24

25          5.45    Plaintiff reallegess and incorporates herein by reference the allegations

26     set forth in Paragraphs 1 through 5.44 of this complaint.

NIX V. BAUER-COMPLAINT - 23

1      5.45. Defendant's arrest and citation of Plaintiff was in retaliation for the

2    exercise of Plaintiff's rights under the Washington State Constitution and these actions

3    constitute malicious and retaliatory prosecution, a violation of the Revised Code of

4    Washington Title 9, Chapter 62, Section 10(1).  The prosecutions, which were

5    eventually dismissed with prejudice, were a direct result of the false arrest of Plaintiff

6       5.46   As a direct and proximate result of the violation of his Constitutional

7    rights by Defendants and Defendants other tortious conduct, Plaintiff suffered general

8    and special damages as alleged in this complaint and had to expend personal

9    resources to hire counsel to vindicate him.  This prosecution also further exacerbated

10    the emotional distress, anxiety, fear, loss of sleep and other physical harm to Plaintiff

11    and further disrupted his life.

12       5.47   The conduct of Defendants was willful, malicious, oppressive, and/or

13    reckless, and was of such a nature that punitive damages should be imposed in an

14    amount commensurate with the wrongful acts alleged herein.

15    WHEREFORE, Plaintiff prays for relief as hereinafter set forth

16

17                      **COUNT NINE**
18                      **NEGLIGENCE**
19                **(As to All Defendants)**
20
21       5.48   Plaintiff realleges and incorporates herein by reference the allegations set

22    forth in Paragraphs 1 through 5.47 of this complaint.

23       5.49   Defendants, and each of them, owed Plaintiff a duty to use due care at or

24    about the times of the aforementioned incidents.

NIX V. BAUER-COMPLAINT - 24

1        5.50   In committing the aforementioned acts and/or omissions, Defendants,

2    and each of them, negligently breached said duty to use due care, directly and

3    proximately resulting in the injuries and damages to the Plaintiff as alleged herein.

4        WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

5

6    **COUNT TEN**
7    **FAILURE TO PROPERLY SUMMON AND OBTAIN**
8    **MEDICAL CARE IN VIOLATION OF THE**
9    **FOURTEENTH AMENDMENT DUE PROCESS CLAUSE**
10   **(As to all Defendants)**
11
12       5.51   Plaintiff realleges and incorporates herein by reference the

13   allegations set forth in Paragraphs 1 through 5.50 of this complaint.

14       5.52   The acts and omissions of Defendants herein were performed

15   under color if state law custom, or usage.

16       5.53   Plaintiff Raymond Nix had a federally protected right under the

17   due process clause of the Fourteenth Amendment, to the immediate provision of

18   medical care for injuries inflicted by the Defendants herein.

19       5.54   The acts and omissions of Defendants herein, and each of them

20   proximately caused the deprivation of Raymond Nix's Fourteenth Amendment rights.

21       5.55 The acts and omissions of Defendants herein amounted to gross

22   negligence or recklessness.

23       5.56   As a proximate result of the acts and omissions of defendants and

24   deprivation of plaintiffs' Fourteenth Amendment due process clause rights, suffered

25   personal injuries including, but not limited to loss of liberty, physical injuries, pain and

1   suffering, fear and terror, mental anguish, emotional distress, and other consequential

2   damages.

3                   **COUNT ELEVEN**
4          **MUNICIPAL LIABILITY OF THE CITY OF SEATTLE**
5               **AND COUNTY OF KING**
6

7          5.57   Plaintiff realleges and incorporates herein by reference the

8   allegations set forth in paragraphs 1 through 5.56 of this complaint.

9           5.58   At all times material to this complaint, defendant City of Seattle by

10   and through its police department as well as supervisory police personnel and police

11   officials had in effect certain explicit and de facto policies, practices and customs

12   which were to be applied to the polices of the Anti Crime Team.

13           5.59   These policies proximately led to the beating, near death,

14   imprisonment, false arrest, and false prosecution, in violation of the rights of Plaintiff

15   Nix as set forth hereinabove, including the Fourth and Fourteenth Amendments.

16          5.60   At all times material to this complaint, Defendant, County of King

17   by and through its supervisory personnel and officials had in effect certain explicit and

18   de facto policies practices and customs which were to be applied to the Department of

19   Corrections, and Harborview Hospital.

20      5.61   These policies proximately led to the systematic denial of medical

21   treatment and torturous conditions through which Plaintiff suffered through and barely

22   survived.

23               **PUNITIVE DAMAGES ALLEGATION**

24      5.62 Plaintiff realleges and incorporates herein by reference the allegations set

25   forth in Paragraphs 1 through 5.63 of this complaint.

NIX V. BAUER-COMPLAINT - 26

1     5.63 The acts and omissions of Defendants referenced above were motivated

2  by evil intent or motive, or involved reckless or callous indifference to Plaintiff

3  Raymond Nix's rights including those of due Process under the Fourteenth

4  Amendment.

5

6                     **VI. JURY TRIAL DEMAND**

7     6.0  Plaintiff hereby demands a jury trial in this matter.

8

9                      **VII.  PRAYER**

10    WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

11     7.1    For general damages including pain and suffering together with special

12  damages for Plaintiff's reasonable and necessary legal expenses and medical

13  expenses including hospital, doctor, and related treatment both past and future, the

14  exact amount of which will be established at the time of trial;

15     7.2 For punitive damages in an amount to be proven at trial pursuant to Federal

16  and State law;

17     7.3    For actual attorney's fees and litigation costs pursuant to 42 U.S.C.

18  1988;

19     7.4    For statutory attorneys fees and costs; and

20     7.5    For court supervised drug stop and detention policies

21     7.6    For such other and further relief as the Court deems just and proper.

22

23  DATED : July 28, 2005

NIX V. BAUER-COMPLAINT - 27

1
2
3
PAUL RICHMOND
4
5
6
LAWRENCE A. HILDES
7
Attorneys for Plaintiff
8
9
10
11
12
13
14
15
16       PAUL RICHMOND
17       (WSBA #32306)
18       4616 25th Avenue NE, #449
19       Seattle, WA, 98105
20       (206) 526-0565
21
22       LAWRENCE A. HILDES
23       (WSBA # 35035)
24       P.O. Box 5405
25       Bellingham, WA 98227
26       Telephone: (360) 715-9788
27       Fax: (360) 714-1791
28
29
30
31
32
33
34
35

NIX V. BAUER-COMPLAINT - 28

**City of Seattle**

# CLAIM FOR DAMAGES

**NOTE:**
Type or Print Legibly.
See Instructions on back.

| CITY USE ONLY |
|---|
| CLAIM NUMBER |
| DATE FILED |

**CLAIMANT** NAME (FIRST - M. - LAST OR BUSINESS NAME) _Raymond Edward Nix_

HOME PHONE _c/o Paul Richmond_

HOME ADDRESS (NUMBER - STREET - CITY - STATE - ZIP) _883 Madison St., #108, Seattle WA_

BUS. PHONE _206-621-1390_

**ACCIDENT/LOSS** DATE _7-31-03_ Longacre TIME _Midnight_

**LOCATION/SITE** BE VERY SPECIFIC: STREETS, ADDRESSES, etc. _3rd & Bell_

**WHAT HAPPENED** DESCRIBE IN YOUR OWN WORDS HOW THIS LOSS OCCURRED AND WHY YOU BELIEVE THE CITY IS RESPONSIBLE.
_See attached narrative_

| DIAGRAM |
|---|
| Use if this will help you locate or describe what happened |

*Third*  X  *Bell*

CITY OF SEATTLE
FILED
2005 JAN 19 PM 3: 06
CITY CLERK

CITY DEPT?

CITY EMPLOYEE(S)?

CITY

VEHICLE NUMBER, LIC., etc.

**WAS YOUR PROPERTY** (home, auto, personal property) **DAMAGED?**

☒ YES IF SO, THEN FULLY DESCRIBE - SUCH AS AGE, MAKE MODEL, CONDITION, VALUE, OR EXTENT OF DAMAGE.
☐ NO _$280 from my pocket that was seized & never returned. Cowboy hat also seized & never returned. Sweatshirt was bloody & torn._

**WERE YOU INJURED?** ☒ YES IF YES, THEN COMPLETE THE FOLLOWING:
☐ NO

DESCRIBE YOUR INJURY (IDENTIFY YOUR DOCTOR(S)) _Ruptured spleen, perforated bowel, they had to cut part of my intestines out, concussion, cracked ribs & spinal fracture, & numerous other injuries_ see att.

DATE OF BIRTH _Jan. 8, '58_ WAGE LOSS ☐ YES ☐ NO IF YES, THEN RATE OF PAY

KIND OF WORK _____ EMPLOYER _____

| AMOUNT CLAIMED | IF UNKNOWN, THEN ENTER "UNKNOWN" | $10,000,000 |
|---|---|---|

**SIGNATURE OF CLAIMANT**
(AND TITLE, IF A BUSINESS)

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this _19th_ day of _January_, 20 _05_.

at _Seattle_, _King_ County, Washington.

_Raymond Nix_

CS 18.10 REV. 12/2002

I was standing on a corner of 3rd and Bell trying to hail a cab when a group of police officers, led by Sgt Bauer jumped me, threw me to the ground and started punching and kicking me until they ruptured my spleen and a section of my bowel, which later had to be removed. They also tasered me at least twice. I was pepper sprayed. My face was bloody and bruised and I had bruises all over my body. They then took me to jail where they charged me with assaulting the sergeant who tried to kill me and who I never touched. I later collapsed in the jail shower, and had to be rushed to the hospital for emergency surgery where I almost died. I was forced to go to court to fight the retaliatory charges for 15 months.

Property loss: $280 was seized and never returned. My cowboy hat was never returned by the jail. My sweatshirt was bloodied and torn, and unuseable.

Injuries: I suffered multiple injuries including ruptured spleen, perforated bowel, they had to cut part of my intestines out, concussion, cracked ribs and spinal fractures`