UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAYMOND NIX,

    Plaintiff,

v.

JOSEPH BAUER, et al.,

    Defendants.

No. C05-1329Z

ORDER

This matter comes before the Court on Motion for Summary Judgment, docket no. 63, by Defendants City of Seattle and Seattle Police Officers Joseph Bauer, Zsolt Dornay, Christopher Garrett, and ML Woollum. The Motion for Summary Judgment is unopposed.[1] The Court now having reviewed the unopposed Motion for Summary Judgment and being satisfied that no material issues of fact are in dispute, hereby GRANTS Defendants' Motion for Summary Judgment, docket no. 63.

On July 31, 2003, just after midnight, Seattle Police Sergeant Bauer and Officers Dornay, Garrett and Woollum encountered Plaintiff Raymond Nix. Mr. Nix had spent his day hanging out at the Pike Place Market. Tran Decl., docket no. 64, Ex. A (Nix Dep. at 57:22-025; 61:6-10). After the Market closed, Mr. Nix went to Kelly's Tavern, a bar on Third Avenue and Bell in Seattle's Belltown neighborhood. Id. (Nix Dep. at 57:16-19;

---

[1] Plaintiff's lawsuit also names King County as a Defendant; King County was dismissed by stipulation on July 21, 2006. See Stipulation and Order, docket no. 53.

ORDER   1–

58:1-16; 61:19-22). Mr. Nix drank at least three beers and three mixed drinks. Id. (Nix Dep. at 76:11-22). Around midnight, Mr. Nix left Kelly's to go to "the Indian Bar" on Aurora Avenue. Id. (Nix Dep. at 62:1-3).

When Mr. Nix left Kelly's, the Defendant police officers allege they saw him engage in a drug transaction. Bauer Decl., docket no. 65, ¶ 4; Garrett Decl., docket no. 67, ¶ 4; Zsolt Decl., docket no. 66, ¶ 4; Woollum Decl., docket no. 68, ¶ 4. Officers Bauer, Dornay, Garrett and Woollum were patrolling the area near Regrade Park in Seattle. Id. at ¶ 3. The officers wore black t-shirts with the words "POLICE" written on the front and back. Id. The officers allege they saw the Plaintiff, Mr. Nix, speaking to a woman later identified as Erma McNair, and heard him say "No, I want two for twenty," which the officers believed to be in reference to two rocks of cocaine for $20. E.g., Woollum Decl., docket no. 68, ¶ 4.

Sgt. Bauer contacted Mr. Nix. Bauer Decl., docket no. 65, at ¶ 5. Sgt. Bauer alleges that Mr. Nix had something clenched in his fist. Id. Sgt. Bauer identified himself as a police officer and took hold of Mr. Nix's wrist "to preserve evidence." Id. Sgt. Bauer alleges Mr. Nix struck him in the right eye after he took hold of his wrist. Id.; see also Dornay Decl., docket no. 66, ¶ 5. A scuffle ensued. The officers allege that Mr. Nix resisted their attempts to control and handcuff him, and wrapped his arms around Sgt. Bauer's legs, attempting to pull him to the ground. Bauer Decl., docket no. 65, at ¶ 6. The officers also allege that Mr. Nix flailed his arms and legs attempting to hit and kick them. Id. Officer Dornay "applied one quick burst of pepper spray on Mr. Nix," which appeared "to have no effect." Id.

As the scuffle continued, Officer Dornay used a taser gun to subdue Mr. Nix. Id. ¶ 7. Mr. Nix was strong and continued fighting with Dornay and Bauer. Officer Dornay used his taser gun on Mr. Nix three times. Id. The officers eventually placed Mr. Nix in handcuffs. Id. Officers Woollum and Garrett were not involved in Mr. Nix's detention, and instead focused on the detention of Erma McNair, the other suspect. See Woollum Decl., docket no. 68, ¶ 5. The officers ultimately recovered 6.4 grams of crack cocaine and 2.8 grams of

ORDER  2–

marijuana from Ms. McNair.  Id. ¶ 7.  The officers recovered 10.7 grams of marijuana from Mr. Nix.  Garrett Decl., docket no. 67, ¶ 8.  In subsequent tests at Harborview, Mr. Nix tested positive for cocaine and an alcohol level of 0.163.  See Tran Decl., docket no. 64, Ex. C.  On August 1, 2003, a King County Superior Court Judge found the officers had probable cause to arrest Mr. Nix on the drug charges and for assault on Sgt. Bauer.  Id., Ex. B.

Mr. Nix served time in the King County Jail awaiting his trial.  It is unclear from the record when Mr. Nix was actually released, but on October 15, 2004 (almost fifteen months later) the prosecutor's office asked that all charges be dismissed because "the defendant has served a standard range sentence for the charged offense."  See id., Ex. F.

The record fails to explain Mr. Nix's lengthy incarceration without trial.

## DISCUSSION

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the opposing party must show that there is a genuine issue of fact for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The opposing party must present significant and probative evidence to support its claim or defense.  Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

In order to defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations, or argumentative assertions that material facts are in dispute.  Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir. 1994).  For purposes of this motion for summary judgment, reasonable doubts as to the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the opposing party.  Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th

ORDER  3–

1 Cir. 2000). However, if no factual showing is made in opposition to a motion for summary
2 judgment, the district court is not required to search the record *sua sponte* for some genuine
3 issue of material fact. See <u>Carmen v. San Francisco Unified School Dist.</u>, 237 F.3d 1026,
4 1029 (9th Cir. 2001) ("The district court may limit its review to the documents submitted for
5 the purposes of summary judgment and those parts of the record *specifically* referenced
6 therein.") (emphasis added).[2]

**1.   Qualified Immunity.**

8   The doctrine of qualified immunity shields government officials from civil liability
9 "insofar as their conduct does not violate clearly established statutory or constitutional rights
10 of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818
11 (1982). Qualified immunity protects public officials from bad guesses in gray areas, and
12 insures they will be protected from liability unless found to have transgressed bright lines.
13 <u>Saucier v. Katz</u>, 533 U.S. 194, 205 (2001). Absent an issue of material fact, the issue of
14 qualified immunity is a question of law that should be determined by the court long before
15 trial. <u>Act Up!/Portland v. Bagley</u>, 988 F.2d 868, 872 (9th Cir. 1993). Where a police officer
16 properly raises the issue of qualified immunity, the plaintiff must clear three distinct hurdles
17 to avoid dismissal: (1) identify the specific federal right allegedly violated; (2) prove that the
18 right was "clearly established" at the time of the violation; and (3) prove that no reasonable
19 officer could have believed his actions were lawful, in light of the facts and circumstances
20 known to the officer at the time. <u>Davis v. Scherer</u>, 468 U.S. 183, 197 (1984). Where the
21 facts construed in the light most favorable to the plaintiff do not establish a constitutional
22 violation, a plaintiff cannot survive the threshold question in a qualified immunity analysis.

---

[2] Local Rule 7(b)(2) notwithstanding, it is not appropriate to grant summary judgment based solely on the failure to oppose a motion for summary judgment. <u>Henry v. Gill Industries, Inc.</u>, 983 F.2d 943, 950 (9th Cir. 1993).

ORDER   4–

After the Supreme Court decided <u>Saucier</u>, the qualified immunity analysis in excessive force cases involves two steps.

> [A] qualified immunity analysis must begin with this threshold question: Based upon the facts taken in the light most favorable to the party asserting the injury, did the officer's conduct violate a constitutional right? If no constitutional right was violated, the court need not inquire further. If, however, a constitutional violation occurred, the second inquiry is whether the officer could nevertheless have reasonably, but mistakenly, believed that his or her conduct did not violate a clearly established constitutional right.

<u>Jackson v. City of Bremerton</u>, 268 F.3d 646, 651 (9th Cir. 2001).

In this case, the facts do not support Mr. Nix's contention that a constitutional right was violated. Mr. Nix was approached by officers who suspected he was engaging in a narcotics transaction. Bauer Decl., docket no. 65, ¶¶ 4-5. After being contacted, an intoxicated Mr. Nix escalated the situation by striking Sgt. Bauer. <u>Id.</u> The officers' use of taser and pepper spray to subdue a flailing and intoxicated Mr. Nix, during the course of his arrest, did not violate his constitutional rights. Accordingly, the officers are entitled to qualified immunity from suit, and on that basis the Court GRANTS the officers' motion for summary judgment on Plaintiff's claims under 42 U.S.C. § 1983.

**2.     Municipal Liability under § 1983.**

To prevail against a municipality under § 1983, the plaintiff must identify a municipal policy or custom which caused plaintiff's injury. See <u>Bryan County Commissioners v. Brown</u>, 520 U.S. 397 (1997). Mr. Nix has failed to identify any policy or practice as the basis for his municipal liability claim. A municipality may not be held liable under § 1983 merely because a plaintiff suffers a deprivation of rights at the hands of a municipal employee. <u>Id.</u> Moreover, the existence of a policy or custom may not be established solely by a single or sporadic set of incidents of unconstitutional action by a nonpolicymaking employee. <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808 (1985). No facts or evidence in this case support any claim of municipal liability against the City of Seattle under § 1983, and no

ORDER  5–

1 offending policy or custom has been identified. Accordingly, the Court GRANTS the City
2 of Seattle's motion for summary judgment on Plaintiff's § 1983 claim for municipal liability.

**3.    State Law Claims**

In addition to claims under 42 U.S.C. § 1983, Plaintiff raises various state law claims. The Defendants urge that if the Plaintiff's federal constitutional claims are dismissed, the Court must also dismiss Plaintiff's state law claims because it will lack jurisdiction. See United Marine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). This Court's jurisdiction over Plaintiff's state law claims is derivative of its jurisdiction over Plaintiff's federal claims. See Hunter v. United Van Lines, 746 F.2d 635 (9th Cir. 1984). In the alternative, the Defendants present substantive arguments as to why each state law claim should be dismissed. Considering judicial economy, convenience, and fairness, the Court declines to avoid reaching the merits of Plaintiff's various state law claims solely on jurisdictional grounds. See United Marine Workers, 383 U.S. at 726. The Court addresses each state law claim below.

**A.    Negligence.**

The Defendants argue that Mr. Nix's claim for negligence must fail for two reasons. Defendants first note that allegations of intentional conduct cannot support a claim of negligence. See Bolyes v. Kennewick, 813 P.2d 178 (Wash. Ct. App. 1991) (allegations of excessive force do not constitute negligence). Defendants also note that Plaintiff has failed to allege any facts supporting a claim for negligence, and that the public duty doctrine precludes his claims. See, e.g., Donaldson v. City of Seattle, 831 P.2d 1098, 1105 (Wash. Ct. App. 1992) ("[P]olice responsibility in regard to any further investigation becomes part of their overall law enforcement function and does not generate a right to sue for negligence.")

ORDER  6–

Plaintiff has not filed a response, and the Court finds no facts that would support this claim. Accordingly, the Court GRANTS the Defendants' motion for summary judgment on Plaintiff's claim for negligence.

### B.    Outrage.

The Defendants argue that Mr. Nix's claim for outrage must fail for two reasons. Defendants first argue that his claim is superfluous because distress damages are recoverable under another theory. See Rice v. Janovich, 742 P.2d 1230, 1238 (Wash. 1987). Defendants also note that the Plaintiff has not identified facts showing (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of the plaintiff. Dicomes v. State, 782 P.2d 1002, 1013 (Wash. 1989).

Plaintiff having filed no response and the Court finding no facts to support this theory, Defendants' motion for summary judgment on Plaintiff's claim for outrage is GRANTED.

### C.    Malicious Prosecution, False Arrest, and False Imprisonment.

The Defendants urge that Plaintiff's claims for malicious prosecution, false imprisonment, and false arrest, are necessarily defeated by probable cause. See Hanson v. City of Snohomish, 852 P.2d 295, 298 (Wash. 1993). In addition to probable cause, however, the Court notes that no facts have been identified which would support Plaintiff's theory on this claim. The officers had probable cause to arrest, and thereby detain, the Plaintiff. Accordingly, the Court GRANTS the Defendants' motion for summary judgment on Plaintiff's claims for malicious prosecution, false imprisonment, and false arrest.

### D.    Assault.

Defendants urge that Plaintiff's claim for assault must fail because law enforcement officers have the right to use the degree of force warranted under the circumstances. See State v. Williams, 663 P.2d 1368, 1372 (Wash. 1983). A police officer is not liable for injuries inflicted in the use of a reasonable force to maintain the peace, maintain order, or

ORDER  7–

overcome resistance to his authority. Coles v. McNamara, 230 P. 430, 433 (Wash. 1924). No facts demonstrate that the officer's use of force was not reasonable. Accordingly, the Court GRANTS the Defendants' motion for summary judgment on Plaintiff's claim for assault.

## CONCLUSION

For the reasons stated in this Order, the Court GRANTS the Defendants' unopposed Motion for Summary Judgment, docket no. 63, as to all claims by Plaintiff Raymond Nix against the Defendant City of Seattle and the individual police officer Defendants.

IT IS SO ORDERED.

DATED this 1st day of March, 2007.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER  8–